UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jose Lopez,                                                     Case No. 3:13cv573

        Plaintiff

     v.                                                       MEMORANDUM OPINION
                                                                    AND ORDER

Local Union No. 8, International Brotherhood
of Electrical Workers, et al.,

        Defendants

       Plaintiff Jose Lopez, an electrical worker and member of the International Brotherhood of Electrical Workers Local Union Number 8 ("Local 8"), brought this lawsuit against Local 8, against the International Brotherhood of Electrical Workers Fourth District ("Fourth District"), and against the International Brotherhood of Electrical Workers ("IBEW"). Plaintiff alleges Defendants disciplined him in violation of federal labor statutes and state anti-discrimination laws. Local 8 has counterclaimed against Plaintiff for a collection of the fine imposed as part of the disciplinary process.

       Currently pending is the IBEW and Fourth District's joint Fed. R. Civ. P. 12(b)(6) motion to dismiss, as well as Local 8's Fed. R. Civ. P. 12(c) motion for judgment on the pleadings as to all of Plaintiff's claims. For the reasons explained below, both motions will be granted. Local 8's motion to supplement its judgment on the pleadings arguments will be denied as moot.

Additionally, Local 8 has filed a motion for summary judgment as to its counterclaim for a collection of the fine imposed against Plaintiff. Plaintiff opposes the summary judgment motion and also moves pursuant to Fed. R. Civ. P. 56(d) to delay any summary judgment ruling. Local 8 opposes a delay and moves to strike Plaintiff's summary judgment opposition brief. For the reasons that follow, I will decline, pursuant to 28 U.S.C. § 1367(c), to exercise jurisdiction over Local 8's counterclaim. Accordingly, Local 8's motion for summary judgment, Plaintiff's Rule 56(d) motion to delay summary judgment, and Local 8's motion to strike Plaintiff's summary judgment opposition brief will all be denied as moot.

## I. Background

The allegations in Plaintiff's complaint are taken as true for purposes of Defendants' motion to dismiss and motion for judgment on the pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (allegations taken as true on Rule 12(b)(6) motion to dismiss); *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008) (judgment on the pleadings analyzed under same standard as motion to dismiss).

Plaintiff, a member of Local 8, is an Hispanic man of Mexican national origin. Along with a fellow member of Local 8, Howard Show, Plaintiff formed SMR Electric Company, a non-union contractor. Plaintiff owns fifty percent of SMR Electric, and Show, a Caucasian, owns the other half. Under the auspices of SMR Electric, Plaintiff and Show did work at the Woodville Mall in Northwood, Ohio. Though SMR Electric is non-union, Plaintiff claims it was his intent for the company to become a signatory to the union contract, and to that end SMR Electric was working at the Woodville Mall in hopes of developing a customer base. Moreover, Plaintiff alleges that Local 8 Executive Board Member Shaun Enright represented to Plaintiff that he could work as a non-union contractor. In any event, Plaintiff alleges that in late February and early March 2011, Local 8 "sent two men to the Woodville Mall [who] engaged in behavior which led to the Local 8 being banned

2

from the premises of the mall." (Plf's. Compl., Doc. 1 at ¶ 6) (hereinafter, "Plf's. Compl."). Further, Plaintiff claims that "because of the visit of Shaun Enright, Plaintiff lost the mall as a customer . . . ." (*Id.* at ¶ 7).[1]

On March 28, 2011, Plaintiff filed a grievance against Shaun Enright with the Fourth District. Plaintiff's grievance alleged Enright misled him into believing he could work as a non-union contractor and alleged Enright violated the IBEW Constitution by failing to properly protect Plaintiff's interests.

The IBEW Constitution provides that for grievances against local union representatives, such as Enright, "[t]he [International Vice President] shall pass upon and determine such cases, with the accused having the right to appeal . . . ." (IBEW & Fourth Dist.'s Mo. to Dismiss, Doc. 13-1 at 16-17) (quoting IBEW Constitution). The IBEW Constitution does not articulate a timeline for adjudicating such grievances, and to date there has been no action taken on Plaintiff's grievance against Enright.

On March 29, 2011, Local 8 provided Plaintiff with notification that he was to appear before Local 8's Trial Board for disciplinary proceedings on May 2, 2011. The notice informed Plaintiff he was charged with violating Local 8's collective bargaining agreement and the IBEW Constitution by working for the non-union SMR Electric Company. Specifically, Plaintiff was charged under Article XXV, Sec. 1 of the IBEW Constitution with:

> [H]aving knowledge of the violation of the IBEW Constitution or rules of Local 8, yet failing to file charges against the offender; engaging in acts that are contrary to Mr. Lopez's responsibility toward the IBEW and/or Local 8; and wronging a member of the IBEW by any act or acts (other than the expression of views or opinions) causing him physical or economic harm.

(Plf's. Resp. to Local 8's Mo. For J. on Pleadings, Doc. 29 at 2) (quoting IBEW Constitution). On May 10, 2011, Local 8's Trial Board found Lopez guilty on four of five charges and imposed a

---

[1] It is unclear from Plaintiff's complaint the nature of Shaun Enright's "visit." It is also unclear from Plaintiff's complaint whether Shaun Enright was one of "the two men" sent by Local 8 to the Woodville Mall.

$20,000 fine. The Trial Board suspended $19,000 of the fine on condition that SMR Electric sign the collective bargaining agreement within sixty days, and on condition that Plaintiff not be found guilty of any further violations for three years. Plaintiff's partner, Mr. Show, was also found guilty. Show was fined $10,000, with $9,000 suspended on condition he not be found guilty of any violations for three years.[2]

On July 12, 2012, Local 8 notified Plaintiff it was reinstating the suspended portion of his $20,000 fine because SMR Electric did not become a union signatory within sixty days of the Trial Board's May 2011 ruling. Plaintiff appealed this decision to the International Fourth District Vice President, on grounds that SMR Electric has no assets and is no longer in business.

On September 10, 2012, the Fourth District International Vice President, pursuant to the IBEW Constitution, directed Local 8 to re-open the SMR Electric-related disciplinary proceedings against Plaintiff. Local 8 then provided Plaintiff with notice on September 28, 2012, that he was to appear before the Trial Board for proceedings a little more than three weeks later on October 22, 2012. Four days before the October 22 Trial Board date, Plaintiff requested a continuance in order to have counsel present. (Plf's. Compl. at ¶¶ 44-45). Plaintiff's request was denied and the proceedings went on as scheduled, at which time the Trial Board imposed the disciplinary action previously decided upon in their May 10, 2011 decision; namely, reinstatement of the full $20,000 fine.

Plaintiff subsequently brought the instant lawsuit alleging Defendants discriminated against him due to his race and national origin, in violation of Ohio state anti-discrimination laws, by imposing disparate discipline and by failing to take action on his March 28, 2011 complaint against Shaun Enright (Counts I & II). Plaintiff also alleges Defendants failed to abide by the procedural

---

[2] Though it has no bearing on my ruling, it is important to note that while the charges against Show derived from the same facts as those involving Plaintiff, it is unclear from Plaintiff's complaint whether and to what extent Show was charged with the same violations. It is also unclear whether Show appeared before the same Trial Board as Plaintiff, or whether he appeared at a separate time.

safeguards for union disciplinary proceedings required under the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 401 et seq. (Count III). Finally, Plaintiff alleges Defendants' reopening of the disciplinary proceedings violated the IBEW's Constitution (Count IV). Local 8 counterclaimed for collection of the fine imposed on Plaintiff.

Defendants IBEW and Fourth District have jointly moved for dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6), and Local 8 has moved pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings as to Plaintiff's claims. Local 8 has also moved for summary judgment as to its counterclaim for collection of Plaintiff's fine.

## II. Motion to Dismiss & Judgment on the Pleadings

The IBEW and Fourth district jointly move to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6). Local 8 also filed its own Fed. R. Civ. P. 12(c) motion for judgment on the pleadings.

Fed. R. Civ. P. 12(b)(6) motions to dismiss and Fed. R. Civ. P. 12(c) motions for judgment on the pleadings are both governed by the same legal standard. *Sensations,* 526 F.3d at 295. To defeat such motions, Plaintiff's complaint must state sufficient facts, accepted as true, to state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In making this determination, the Court must accept as true all of Plaintiff's factual allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2013). The complaint "need not contain 'detailed' factual allegations, [but] its 'factual allegations must be enough to raise a right to relief above the speculative level . . . .'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Conclusory allegations and legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555 (holding that a complaint must contain more than "a formulaic recitation of the elements of the cause of action").

**A. Race and National Origin Discrimination (Counts I & II)**

Ohio Rev. Code Ann. § 4112.02(C)(2) prohibits labor organizations from discriminating against any person as an employee because of race or national origin. Counts I & II of Plaintiff's complaint allege Defendants violated this statute by discriminating against him because he is an Hispanic individual of Mexican national origin.[3] Specifically, Plaintiff alleges Local 8 imposed greater discipline on him than on his Caucasian business partner, and further alleges the IBEW and Fourth District discriminatorily failed to take any action on his grievance against Shaun Enright.

As a threshold matter, Local 8 argues Plaintiff cannot state a claim under § 4112.02(C)(2) unless he alleges he is an employee of Local 8 or alleges Local 8 took an adverse employment action against him.[4] Local 8 makes this argument because § 4112.02(C)(2) prohibits discrimination against "any person *as an employee* because of race [or] national origin . . . ." *Id.* (emphasis added). Local 8 has not offered any case law to show this language requires a § 4112.02(C) plaintiff to either be an employee or to otherwise have suffered an adverse employment action at the hands of a union. To the contrary, Ohio case law suggests § 4112.02(C) applies whenever a labor organization discriminates against any of its members, regardless of whether that member is employed by the union. *See Warnsley v. Toledo Bd. of Educ.*, No. L-10-1219, 2011 Ohio App. LEXIS 2646, at \*\*18 (Ohio Ct. App. May 27, 2011) (where defendant labor organization is not plaintiff's employer, proper vehicle for relief is § 4112.02(C) (labor organizations), not § 4112.02(A) (employers)). Local

---

[3] Plaintiff's complaint lists Ohio Rev. Code Ann. § 4112.02(A), which is applicable to employers but is not applicable to labor organizations. The parties' briefs, however, all specifically reference and argue under § 4112.02(C)(2), which is applicable to labor organizations. The complaint's erroneous reference to § 4112.02(A) is therefore of no moment, and I will analyze Plaintiff's claims under § 4112.02(C). *See Minger v. Green*, 239 F.3d 793, 799 (6th Cir. 2001) (quoting *United States v. Louisville & Nashville R.R. Co.*, 221 F.2d 698, 701 (6th Cir. 1995)) ("'[The Sixth Circuit] has made clear that 'the label which a plaintiff applies to a pleading does not determine the nature of the cause of action which he states.'"); *see also United States ex rel. Tillson v. Lockheed Martin Energy Sys., Inc.*, Nos. 5:00CV-39-M, 5:99CV-170-M, 2004 U.S. Dist. LEXIS 22246, at \*42-\*43 (W.D. Ky. Sept. 29, 2004) (complaint's erroneous invocation of Federal Whistleblower Protection Act did not bar proper assertion of claim under False Claims Act where complaint otherwise met Rule 8's notice pleading requirements).

[4] The IBEW and Fourth District do not advance this argument.

6

8 also has not offered any case law to suggest that § 4112.02(C)'s prohibition against limiting employment opportunities and adversely affecting employment status, wages, or hours of a person "as an employee" does not extend to Plaintiff's situation of self-employment. Regardless, Plaintiff has pled that Defendants adversely affected his wages and hours—self-employment at SMR Electric aside—by "blackballing" him and preventing him from obtaining work through union channels. Local 8's arguments regarding Plaintiff's employment status are therefore unavailing.

Turning to Plaintiff's specific state law discrimination claims, Defendants argue each such claim is preempted by section 301 of the federal Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. LMRA section 301was intended to create a uniform body of law to govern labor agreements. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209-10 (1985) (quoting *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103 (1962)). As such, "section 301 preempts state law rules that substantially implicate the meaning of collective bargaining agreement terms." *DeCoe v. Gen. Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994). Importantly, the Supreme Court has held that LMRA section 301's preemption doctrine not only includes collective bargaining agreements, but also extends to union constitutions, such as the IBEW Constitution at issue in this case. *See Tisdale v. Hughes*, 25 F.3d 1308, 1310 (6th Cir. 1994) (citing *United Ass'n of Journeymen v. Local 334*, 452 U.S. 615, 627 (1981)) ("The Court has also extended § 301 to cover intra-union agreements, including union constitutions.").

The Sixth Circuit applies a two-pronged test to determine whether a plaintiff's state law claim is preempted:

> We first look to whether "resolving the state-law claim would require interpretation of the terms of the [labor contract]," and, alternatively, "whether the rights claimed by the plaintiff were created by the [labor contract], or instead by state law." *Mattis v. Massman*, 355 F.3d 902, 906 (6th Cir. 2004). "In short, if a state-law claim fails either of these two requirements, it is preempted by § 301." *Id.*

*Klepsky v. United Parcel Serv.*, 489 F.3d 264, 269 (6th Cir. 2007).

7

Plaintiff first contends Defendants violated Ohio Rev. Code Ann. § 4112.02(C)(2) because they discriminatorily subjected him to greater discipline than his Caucasian business partner, Mr. Show. (*See* Plf's. Compl. at ¶ 32) ("[E]ven though [Plaintiff's business partner, [Mr. Show,] performed all of the moonlighting work Plaintiff was accused of performing . . . Mr. Show was fined only $10,000.00, whereas Plaintiff was fined $20,000.00."); (*see also id.*) ("Howard Show . . . was not further disciplined in 2012). Because of the alleged disparate treatment, Plaintiff requests that all fines be rescinded and all discipline be expunged from his record.[5]

Plaintiff's disparate discipline claim is preempted by section 301 of the LMRA because it requires interpretation of the IBEW Constitution. Importantly, the Sixth Circuit has instructed that "[under] the [interpretation] prong of the test, the preemption question 'depends on whether the essence of plaintiff's claim implicates a dispute that is 'inextricably intertwined' with interpretation of [labor contract] terms or whether it is only 'tangentially related' to the [labor contract].'" *Powers v. Cotrell, Inc.*, 728 F.3d 509, 516 (6th Cir. 2013) (quoting *Paul*, 701 F.3d at 522). In that vein, the Sixth Circuit has explained that "a claim [which] can be proven without the necessity of contract interpretation . . . is independent of the [labor contract]." *Paul*, 710 F.3d at 522 (citing *Decoe*, 32 F.3d at 216). Here, the Plaintiff's theory of discrimination, in combination with the relief requested, renders his claim inextricably intertwined with the IBEW Constitution's disciplinary procedures and it therefore cannot be resolved absent interpretation of the IBEW Constitution.

I do not find interpretation of the IBEW Constitution is required simply because Plaintiff claims Local 8 disciplined him as an act of discrimination, nor because he claims he discriminatorily received greater discipline than his Caucasian business partner. It is unclear—and indeed, I express

---

[5] It is not clear from Plaintiff's complaint whether Plaintiff is asserting a disparate discipline claim against the IBEW and Fourth District, in addition to asserting such a claim against Local 8. To the extent he does, the claim is dismissed. As correctly argued by the IBEW and Fourth District, an international union is not liable under LMRA section 301 for a local union's conduct absent a showing of agency. *Carbon Fuel Co. v. United Mine Workers of Am.*, 444 U.S. 212, 217-18 (1979). Plaintiff has made no such showing here.

8

no opinion—as to whether such claims, on their own, would require interpretation of the Constitution. It is the relief Plaintiff requests, in combination with his theory of discrimination, which necessarily requires interpretation.

A finding that Plaintiff's request for relief can lead to preemption is consistent with Sixth Circuit precedent. *See Klepsky*, 489 F.3d at 270 ("Although the causes of action that Klepsky pursues do not support preemption on their own, the *relief* he seeks is a different question, and does support preemption here.") (emphasis in original). Here, Plaintiff, on the one hand, premises his entire claim of discrimination on the theory that he should have received no greater discipline than his business partner. Plaintiff then requests, however, that all discipline be expunged and all fines rescinded. Plaintiff does not specifically argue the level of discipline warranted, nor does he argue that Mr. Show should receive no discipline if Plaintiff receives none. But these questions, which must be resolved to determine whether Plaintiff's theory of discrimination entitles him to the relief requested, cannot be answered without interpreting the IBEW Constitution. In other words, it cannot be determined whether Plaintiff is entitled to a complete rescission of fines and a total expungement of his record without determining the level of discipline required relative to that required for Mr. Show. Such a determination necessarily requires interpretation of the IBEW Constitution's disciplinary processes, which therefore mandates preemption.

In addition to alleging a violation of Ohio Rev. Code Ann. § 4112.02(C)(2) by virtue of Local 8's alleged imposition of disparate discipline, Plaintiff claims the IBEW and Fourth District discriminated against him by failing to "move on" the administrative grievance Plaintiff filed against Shaun Enright. (*See* Plf's Compl. at ¶ 35) ("Plaintiff alleges that [his grievance] . . . was never acted on by the International, and that the International IBEW did fail their union's constitutional right [sic] to move on Plaintiff's behalf regarding those formal [grievances] . . . ."). This claim is preempted because it cannot be proven without interpretation of the IBEW Constitution. *See Paul*,

9

710 F.3d at 522 (citing *Decoe*, 32 F.3d at 216) ("If the claim can be proven without the necessity of contract interpretation, it is independent of the [labor contract]."). As explained above, the IBEW Constitution provides that for grievances against local union representatives, such as Enright, "[t]he [International Vice President] shall pass upon and determine such cases, with the accused having the right to appeal . . . ." (IBEW & Fourth Dist.'s Mo. to Dismiss, Doc. 13-1 at 16-17) (quoting IBEW Constitution). Determining whether Defendants have failed to "pass upon and determine" Plaintiff's grievance requires a determination of the point at which Defendants were required to do so. Such a determination requires interpretation of the IBEW's Constitution, and Plaintiff's claim is therefore preempted.

Though the parties do not cite them, a discussion of *Paul v. Kaiser Foundation Health Plan of Ohio*, 701 F.3d 514 (6th Cir. 2012), and *Smolarek v. Chrysler Corp.*, 879 F.2d 1326 (6th Cir. 1989), is warranted. Both cases stand for the proposition that a defendant's invocation of the terms of a labor contract are insufficient to trigger preemption where the Plaintiff's complaint does not invoke the labor contract or otherwise require interpretation thereof. *Paul*, 701 F.3d at 521; *Smolarek*, 879 F.2d at; *see also O'shea v. The Detroit News*, 887 F.2d 683, 687 (6th Cir. 1989) (citing *Smolarek*, 879 F.2d at 1334) (explaining that under *Smolarek*, "[a]ll the plaintiff has to allege is that an action was taken against him because of a motive impermissible under the Act. It is irrelevant to the preemption question whether or not the employer can defend by showing it had the right under the collective bargaining agreement to do what it did."). *Paul* and *Smolarek* are distinguishable from the instant matter. As explained above, Plaintiff's state law discrimination claims, as pled, cannot be proven absent interpretation of the IBEW Constitution, regardless of what defenses Defendants may choose to raise. As such, the circumstances in *Paul* and *Smolarek* are distinguishable, and Plaintiff's discrimination claim is preempted.

## B. LMRDA Violations (Count III)

The Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 401 et seq., provides certain procedural safeguards applicable to union disciplinary proceedings. Specifically,

> [n]o member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for non-payment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.

29 U.S.C. § 411(a)(5). In the instant matter, Local 8 provided Plaintiff nearly five weeks' written notice of the initial disciplinary proceeding, and over three weeks' notice of the reopened proceeding. Nevertheless, Plaintiff alleges several violations of the LMRDA's procedural safeguards.

First, though Plaintiff does not dispute Local 8 provided him with written specific charges regarding the SMR Electric matter, Plaintiff alleges Local 8 failed to provide notice that the disciplinary proceeding would "pertain to a civil rights complaint that the Plaintiff filed with the local civil rights office." (Plf's. Compl. at ¶ 11).[6] Plaintiff alleges that despite the lack of written notice on this issue, "the trial board committee permitted Enright to read from a civil rights complaint brought against the Local 8 by Plaintiff, a matter to which Plaintiff alleges that the Local 8 Executive Trial Board had no jurisdiction to introduce information that another agency had yet to rule on, which included matters outside of Enright's alleged charges and trial content." *Id.* Plaintiff's allegation fails to state a claim.

The LMRDA's notice provision requires that written charges be specific enough to inform the accused of the alleged offense. *Int'l Bhd. Of Boilermakers v. Hardeman*, 401 U.S. 233, 245 (1971). All that is required is "a detailed statement of the facts relating to the [incident] that formed the basis

---

[6] The nature and role of the above-referenced civil rights complaint is unclear from Plaintiff's pleadings. Plaintiff's complaint simply refers, without explanation, to a civil rights complaint as described above. (*See* Plf's. Compl. at ¶¶ 11, 27, 40, 46). Regardless, I take the allegations regarding the civil rights complaint as true for purposes of Defendants' Rule 12 motions. *Sensations*, 526 F.3d at 295.

11

for the disciplinary action. [The LMRDA] requires no more." *Id.* Here, Plaintiff has only alleged that the offense with which he was charged pertained to his non-union work with SMR Electric, an offense for which Local 8 provided written specific charges. Plaintiff has not alleged he was charged with offenses stemming from his civil rights complaint, and Local 8 was therefore not required under the LMRDA to provide notice regarding that issue. This is so even though the civil rights complaint was allegedly read at the hearing. Plaintiff has not offered, and I have not found, any authority to suggest the LMRDA's notice provision requires a description of evidence that will be read at disciplinary hearings. Plaintiff's complaint therefore fails to state a claim for violation of the LMRDA's notice requirement.

Second, Plaintiff claims he was not given reasonable time to prepare a defense. Plaintiff's complaint several times makes generalized allegations that he was not given reasonable time to prepare a defense. To the extent these generalized allegations are intended on their own to demonstrate a LMRDA violation, they fail to allege sufficient facts to satisfy Fed. R. Civ. P. 8's pleading standard. *See Twombly*, 550 U.S. at 555 (conclusory allegations masquerading as factual allegations will not suffice).

Plaintiff also alleges the hearing's timing "failed to allow the timely presence of Plaintiff's witnesses . . . ." (Plf's. Compl. at ¶ 40). Again, Plaintiff offers no facts whatsoever regarding this allegation. Plaintiff does not specify which hearing(s)—either or both—the witnesses would have attended, nor does he specify why five weeks and three weeks were insufficient periods to secure witnesses' presence. Plaintiff also fails to offer any authority demonstrating that five weeks and three weeks are insufficient periods of time to satisfy the LMRDA in this case. Instead, Plaintiff makes a bald assertion that he had insufficient time to secure witnesses. Such an allegation fails to state a claim.

Third, Plaintiff alleges Local 8 prevented him from adequately preparing a defense. This is so both because Local 8 refused to delay the reopened disciplinary proceeding to allow Plaintiff to secure counsel, and because Local 8 told Plaintiff he was not allowed to have counsel present at the proceeding. Not only does Plaintiff fail to plead facts as to why three weeks' notice was not enough time to secure counsel, Plaintiff offers no authority demonstrating the LMRDA entitles him to the presence of counsel at the hearing. To the contrary, Sixth Circuit case law suggests there is no right to counsel at union disciplinary hearings. *See Murphy v. Local Union No. 18*, No. C 73-1336, 1978 U.S. Dist. LEXIS 16537, at *169-*170, *170 n.332 (N.D. Ohio July 18, 1978), *aff'd*, 774 F.2d 114 (6th Cir. 1985) ("The [LMRDA's] full and fair hearing requirement . . . has been construed to mean that traditional concepts of due process apply to union disciplinary proceedings. . . . [T]he requirements of § 411(a)(5) do not provide an accused union member with the full panoply of rights afforded a defendant in a criminal trial. In this regard an accused union member is not entitled to be represented by counsel of his choice in union disciplinary proceedings.") (internal citations omitted). Thus, Plaintiff fails to state a claim for violation of the LMRDA.

**C. Violation of a Union Constitution (Count IV)**

29 U.S.C. § 185(a) provides a right of action for violation of labor agreements, to include violation of union constitutions. *See Tisdale*, 25 F.3d at 1310 ("§ 301 [covers] intra-union agreements, including union constitutions."). Here, Plaintiff alleges Defendants violated the IBEW Constitution by reopening the disciplinary proceedings against Plaintiff more than a year after Local 8's initial decision, even though the Constitution only allows Local 8 to reopen within thirty days.

The text of the IBEW Constitution negates Plaintiff's claims. The Constitution states "the [local union trial] board may reopen and reconsider any case or cases when it feels the facts or circumstances justify doing so any time within thirty (30) days from the date the decision was rendered. The [local union trial] board *shall* reopen any case or cases when directed to do so by the

13

[International Vice President] or the [International President]." (IBEW Constitution, Ex. A to Plf's. Compl., Doc. 1-1 at PageID # 23) (emphasis added).  Thus, contrary to Plaintiff's allegations, the Constitution unambiguously allowed the International Vice President to direct Local 8 to reopen the proceedings against Plaintiff without regard to the thirty day time limit, and Local 8 was required to reopen the matter once directed to do so.  As such, Plaintiff cannot state a plausible claim for violation of the IBEW Constitution, and the IBEW and Fourth District's motion to dismiss, and Local 8's motion for judgment on the pleadings, are granted.

### III.  Local 8's Counterclaim for Collection

Local 8 has moved for summary judgment on its counterclaim for collection of Plaintiff's $20,000 fine.  Plaintiff responded to Local 8's summary judgment motion, but also moved pursuant to Fed. R. Civ. P. 56(d) to delay summary judgment.  In light of my order (Doc. 24) staying discovery until the IBEW and Fourth District's motion to dismiss is resolved, and noting there have not yet been depositions or written discovery, Plaintiff asked me to delay summary judgment.  Local 8 responded by arguing there is no discovery needed to determine its entitlement to collect the fine, and by arguing Plaintiff's Rule 56(d) request does not adequately identify the evidence needed to oppose summary judgment.  *See* Fed. R. Civ. P. 56(d) (requester must specify reasons why he or she is unable to present evidence to oppose summary judgment).  Further, Local 8 moved to strike Plaintiff's summary judgment opposition brief for alleged evidentiary violations.

All of these motions will be denied as moot because, pursuant to 28 U.S.C. § 1367(c)(3), I decline to exercise supplemental jurisdiction over Local 8's counterclaim.  *See id.* ("[D]istrict courts may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction.").  Here, discretion counsels against exercising jurisdiction.  This is so despite the above analysis of whether Plaintiff's state law discrimination claims are preempted by the LMRA.  *See Kitzamann v. Local 619-M Graphic Commc'ns Conference*, No.

14

09-6500, 415 F. App'x 714, 716-18 (6th Cir. 2011) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)) ("'[W]hen a federal statute wholly displaces the state-law cause of action through complete preemption,' the preempted state-law claim arises under federal law. . . .  [T]here are also more specific jurisdiction-conferring provisions, including § 301 of the LMRA."); *accord Paul*, 701 F.3d at 518-19 (applying *id.* in a LMRA removal and preemption analysis).  Given that all claims with original jurisdiction have been dismissed, I find it imprudent to continue to exercise jurisdiction over Local 8's isolated state law collection action for recovery of a disciplinary fine.  The counterclaim will therefore be dismissed without prejudice, and the parties' sundry related motions will be denied as moot.

### IV. Conclusion

For the reasons stated herein, the IBEW and Fourth District's joint motion to dismiss, (Doc. 13), and Local 8's motion for judgment on the pleadings, (Doc. 28), are granted.  Local 8's motion to supplement its judgment on the pleadings arguments is denied as moot.  (Doc. 41).

Further, Local 8's counterclaim for collection of Plaintiff's fine is dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).  Local 8's motion for summary judgment on its counterclaim, (Doc. 31), Plaintiff's Rule 56(d) motion to delay summary judgment, (Doc. 33), and Local 8's motion to strike Plaintiff's summary judgment opposition, (Doc. 35), are all denied as moot.

This case is closed.

So Ordered.

s/Jeffrey J. Helmick
United States District Judge